**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOSE A. GARCIA-GONZALEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-cv-03176-DGK |
| | ) | (Crim. No. 6:13-03064-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR POSTCONVICTION RELIEF**

This habeas case arises out of Movant Jose A. Garcia-Gonzalez's guilty plea to possession with intent to distribute more than 500 grams of methamphetamine and being an illegal alien in possession of a firearm.

Now before the Court is Movant's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Finding Movant's claims are meritless and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

**Background and Procedural History**

On July 23, 2013, a grand jury returned a two-count indictment charging Movant with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(l) and (b)(A), and being an alien illegally or unlawfully in the United States possessing firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

On December 16, 2013, Movant pled guilty to both counts, without a plea agreement, before a magistrate judge.[1] Present with Movant at the change-of-plea hearing were his attorney, David Healy, and an interpreter.

At the outset of the hearing, the magistrate addressed various complaints Movant had expressed about his attorney. Movant informed the magistrate that these issues had been resolved, and that he wanted to keep Mr. Healy as his attorney. The magistrate proceeded to explain to Movant all the rights he was waiving by pleading guilty, including the "right to testify or not testify, as you choose." Plea Tr. at 5. The magistrate told Movant, "if you choose not to testify, it would not be held against you because that is your right." *Id.* Movant acknowledged that he understood he was waiving these rights. The Government also recited a summary of the facts it believed it could prove at trial, and Movant agreed that he did the stated acts and was guilty of the crimes charged. Finally, before accepting Movant's guilty plea, the magistrate confirmed with Movant that he was satisfied with defense counsel and the advice provided.

The presentence investigation report subsequently found an advisory Guidelines range of 108 to 135 months. The sentencing hearing was held on April 17, 2014. After agreeing that the guidelines range was 108 to 135 months, the Court sentenced Movant to 108 months on each of Counts One and Two,[2] to run concurrently, followed by concurrent terms of two years' supervised release.[3]

Defense counsel did not file an appeal. However, there is no evidence—indeed, not even an allegation—that Movant instructed his attorney to file a notice of appeal. On the contrary, the

[1] The Honorable David P. Rush, Magistrate Judge for the Western District of Missouri.

[2] Count One had a statutory mandatory minimum sentence of ten years. Movant, however, met the criteria under 18 U.S.C. § 3553(f)(1)-(5), which allowed the court to sentence him below the statutory mandatory minimum.

[3] The Court also noted it was unlikely he would actually be placed on supervised release, since he would probably be deported immediately after serving his prison sentence.

Government has submitted an affidavit from Defense counsel that after the sentencing hearing he provided a letter to Movant advising him of his right to appeal. The letter cautioned that the result from seeking an appeal could be "extremely harsh" compared to the sentence imposed. Movant never told counsel that he had any interest in appealing.

Movant signed his § 2255 motion on April 13, 2015, which the Government concedes is timely filed.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## Discussion

Movant raises six claims of ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal, and the court need not reach the prejudice prong if the defendant cannot show his attorney's performance was deficient. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

### I. Movant's first three claims are patently meritless.

Movant's first three claims are that his attorney was ineffective for: (1) failing to object to the agents not recording their interviews with him; (2) failing to request an adverse inference instruction for the agents not recording the interviews; and (3) failing to investigate and research

the issue of his purported confession to agents during unrecorded, non-custodial interviews without a translator. In support, Movant argues his "*trial* came down to whether the government agents were truthful in testifying [he] confessed to the crime during the interview," and "[t]he government agents were free to *take the stand* and testify [he] confessed." Mem. in Supp. (Doc. 2) at 6-8 (emphasis added).

As a threshold matter, these arguments fail because the factual predicate for them—that there was a trial or suppression hearing in this case—does not exist. On the contrary, Movant pled guilty, thereby obviating any trial or suppression hearing. As a matter of logic and law, Movant cannot complain about what happened at trial because he decided to plead guilty.

Even if the Court construed Movant's argument to be that his attorney was ineffective for failing to file a motion to suppress because the interviews were not recorded, or was ineffective for failing to investigate the circumstances surrounding his statements to the agents, thereby leaving him with no practical choice but to plead guilty, it could not grant him the relief he seeks. Movant has not provided any authority, nor can the Court find any, suggesting that a defendant is deprived of a constitutional right if an interview is not recorded, or that counsel's failure to file a motion to suppress based on such a claim constitutes ineffective assistance of counsel.

Accordingly, Movant has failed to identify any ineffectiveness of counsel on his first three claims.

**II. Movant was properly advised of his right to testify.**

Movant's fourth claim—that his attorney failed to advise him that he could refuse to testify—is also demonstrably false. Assuming for the sake of argument his attorney did not advise him of this right, it is plain as day from the record that the magistrate did, thus Movant cannot show prejudice. Thus, there is no merit to Movant's fourth claim.

## III. Movant has failed show either that his attorney was deficient for withdrawing the objection to the PSR, or that he was prejudiced by this withdrawal.

Movant's fifth claim is that his attorney was ineffective at his sentencing hearing for withdrawing an objection to a two-level enhancement imposed for obstruction of justice. The presentence investigation report recommended the enhancement because during the investigation Movant purportedly gave conflicting information about his involvement in the crimes to different investigators.

Prior to the sentencing hearing, Defense counsel objected to the enhancement, arguing Movant had not willfully obstructed or impeded the administration of justice. Counsel denied Movant had lied to Detective Smithson at the Branson Police Department, instead claiming a miscommunication occurred because there was no interpreter present during the interview. At the beginning of the sentencing hearing, counsel withdrew the objection without explanation.

Movant's entire argument on this point is that he "suffered prejudice. Had [his] attorney been effective and made objections, [he] would not have received a higher sentence for allegedly lying during his interviews." Mem. in Supp. at 12.

The Court holds Movant has failed to establish that his attorney's performance prejudiced him. To demonstrate prejudice from failing to object to a guidelines enhancement, the movant must show that but for counsel's error, he would have received less jail time. *See United States v. Grammas*, 376 F.3d 433, 438-39 (5th Cir. 2004). Here, Movant cannot show that there is a reasonable probability that but for counsel's withdrawing the objection, the Court would have sustained the objection, found a lower guideline range, and sentenced Movant to a shorter prison sentence. At best, one might say an alternate tactic might or might not have worked, which is not enough to establish prejudice. *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (holding that to show prejudice, "the likelihood of a different result must be substantial, not just

conceivable"); *United States v. Vidrio*, No. 02-c-3300, 2002 WL 1613725, at *1 (N.D. Ill. July 17, 2002) ("A record that is silent as to an attorney's rationale coupled with a defendant's speculation that a different outcome was possible will not displace the heavy presumption that counsel made reasonable tactical decisions in carrying out his or her representation.")

Accordingly, this claim is denied.

## IV. Movant has failed to show his attorney was deficient for failing to file a notice of appeal.

Sixth and finally, Movant argues his attorney was ineffective for failing to file a notice of appeal. When an attorney disregards a client's specific instruction to file a notice of appeal, there is ineffective assistance of counsel. *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007). However, Movant never instructed counsel to file a notice of appeal. Movant has not alleged, much less produced any evidence, that he instructed Defense counsel to file a notice of appeal. Accordingly, this claim fails.

## V. No evidentiary hearing is required.

Where a motion raises no disputed question of fact, no evidentiary hearing is required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held.

## VI. No certificate of appealability should be issued.

Because no reasonable jurist would grant this motion, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date: August 25, 2016

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT